**MICHAEL J. SMITH  # 011105**
Attorney at Law
16825 S. Desert Foothills Pkwy
#94328
Phoenix, AZ 85048
(602) 228-9938
gonzalezandsmith@aol.com
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** ) | **No. CR-23-00467-DLR** |
| ) | |
| **Plaintiff.** ) | |
| ) | |
| **vs.** ) | **OBJECTIONS TO PRESENTENCE** |
| ) | **REPORT** |
| **Alayjon Dewayne Tamplin,** ) | |
| **Defendant.** ) | |
| ———————————————— ) | |

The defendant, Alayjon Tamplin, through counsel undersigned, lodges the following objections to the revised presentence report filed February 27. 2024. (Doc. 30)

OBJECTION 1: Page 6, paragraph 21 of the PSR.  The probation officer gives a 4-level increase for trafficking in firearms.  USSG §2k2.1(b)(5).  Alleging the two firearms purchased by the defendant April 19, 2022 were going to Mexico.

One of the two firearms purchased on April 19, 2022, was recovered in Manteca, California, so clearly it did not go to Mexico. (PSR page 5, paragraph 12)  The other firearm purchased was not recovered so it is unknown where the firearm went.  It appears the PSR writer relies on a text string dating from April 19, 2022, for the supposition the

guns Mr. Tamplin purchased were to go to Mexico. *See*, page 4, paragraph 8 of the PSR. The pertinent portion is:

> In communication dated April 19, 2022, Tamplin texted "just don't kill the president wit the mfs," to which Hernandez responded, "they go to Mexico brother" and "well some if anything we can make fake bill of sales so save the receipts." Tamplin responded "wow" and "I didn't save the last one but bet." Id.

The section is incomplete; the texts proceeding this portion, and part of the string, was a question from the defendant: "N how many guns from the gun show?" (bates 26) With the response from Hernandez of: "A couple ima ne taking my cousin too" (bates 27) note: ima is slang for "I am going to" The defendant responded with Bet (id.) (slang for okay) and then defendant texted: "idc" (id.) (slang for I don't care) followed by: "I'm in it for the money" (bates 28) Then: "Just don't kill the president wit the mfs" (id.). The response was from Hernandez was: "They go to Mexico brother" (bates 29) Followed by: "We'll some if anything we can make fake bill of sales so save the receipts"

Reading the texts contextually gives the interpretation of the Defendant asking about how many guns Hernandez was getting from a gun show, and Hernandez explaining a couple, he was taking his cousin with him.  The defendant responded with okay and he did not care he was in it for the money.  Then the defendant, referring to the guns Hernandez was going to buy at the gun show, told Hernandez not to kill the president with those guns.  Hernandez responded with those guns go to Mexico. i.e., the gun show guns.  Hernandez also text "we'll" make a fake bill of sale. (bates 29) The probation

officer erroneously put in well.

OBJECTION 2: Page 6, paragraph 22 of the PSR. Probation recommends a 4-level increase for the defendant having knowledge or reason to believe the firearms purchased by the defendant were going to Mexico. USSG §2K2.1(b)(6)(A). The defendant incorporates the above argument with regard to the guns going to Mexico as set forth above since it is the same factual material that is the basis for both increases. No guns to Counsels knowledge were recovered in Mexico, one of the guns purchased on the day of the texts was recovered in California, not Mexico, and the texts referring to Mexico were guns Hernandez was buying at a gun show, not guns purchased by the defendant.

USSG CALCULATIONS: If the court sustains the defendant's objection, his offense level calculations would be:

Base Offense Level §2K2.1(a)(7)     12

Offense Characteristic: §2K2.1(b)(1)(B)     +4

Adjusted Offense Level:     16

Acceptance of Responsibility §3E1.1(a)     -2

Acceptance of Responsibility §3E1.1(b)     -1

Total Offense Level     13

Mr. Tamplin's offense level is 13 and criminal history I, giving a Guidelines range of 12-18 months.

BURDEN OF PROOF:

In most cases, the government has the burden to establish by a preponderance of the

evidence that a sentencing enhancement is merited. *See United States v. Allen*, 434 F.3d 1166, 1173 (9th Cir. 2006); *see also U.S. v. Gonzalez*, 492 F.3d 1031, 1039 (9th Cir. 2007). When a sentencing factor has an extremely disproportionate effect on the sentence relative to the conviction, however, the government has to satisfy a clear and convincing standard. *See, e.g., U.S. v. Gonzalez*, 492 F.3d 1031 (9th Cir. 2007) (finding that a nine-level enhancement that more than doubled the sentence the defendant would have otherwise received should have been proved by clear and convincing evidence).

The disproportionate-impact test, and the clear and convincing evidence standard, applies to factual finding. *United States v. Pineda-Doval*, 614 F.3d 1019 (9th Cir. 2010), *and United States v. Mezas de Jesus*, 217 F.3d 638 (9th Cir. 2000). Since the matter at issue is a factual issue, were the guns sent to Mexico, it is an issue properly evaluated for the disproportionate-impact test. This one fact would result in an 8-level increase in the adjusted offense level and an increase in the USSG range from 12-18 months to 37-46 months. It more than triples the low end and more than doubles the high end of the USSG range.

When a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence." *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). In *United States v. Valensia*, 222 F.3d 1173 (9th Cir. 2000), vacated and remanded on other grounds, 532 U.S. 901 (2001), The court identified six factors that guide this inquiry. *Jordan and Valensia, supra*., recognized that four of these factors (i.e., whether the enhanced sentence exceeds the statutory maximum,

undermines the presumption of innocence, rests on a separate offense, or involves a conspiracy) are usually not relevant, and that the analysis thus typically focuses on the last two factors (whether the enhancement increases the number of offense levels by four or less or doubles the initial sentencing guidelines range). *Jordan*, 256 F.3d at 929; *Valensia*, 222 F.3d at 1182-83.  Applying these factors, given an 8-level increase and a doubling or tripling of the sentencing range, it is clear there is a disproportionate impact based on whether the guns the defendant purchased went to Mexico.  Therefore, the Government must prove by clear and convincing evidence that this factually true.  The government fails to meet the burden of preponderance of the evidence, much less clear and convincing proof.  The defendant's objections should be sustained and the USSG set forth above should be applied.

By:

Michael J. Smith

CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2024 I electronically transmitted Objections to Presentence Report using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

CLERK OF THE COURT
DISTRICT COURT
Sandra Day O'Connor US Court House
Suite 130
401 W. Washington- SPC 1
Phoenix, AZ 85003-2118

Benjamin Goldberg


By: _Michael Smith_
Michael J. Smith